## Reuben Leonard, Plff. in Err., *v.* Elizabeth Leonard.

The action of the court of common pleas in setting aside a sheriff's sale of real estate in execution is a matter of discretion not reviewable by the supreme court on writ of error.

It seems that where an assignor for the benefit of creditors becomes indebted, after the assignment, to two persons, one of whom is the assignee, both of whom get judgment before the land, remaining after the payment of the debts secured by the assignment, has been reconveyed to the assignor, and the assignee issuing execution on his judgment before such reconveyance seizes and sells the land as the property of the assignor, the better practice is not to set aside the sheriff's sale at the instance of the other judgment creditor, but to permit the acknowledgment of the sheriff's deed and leave the rights of the judgment creditors to be settled by an action of ejectment.

It seems also that after the payment of all the debts secured by an assignment for the benefit of creditors, land remaining unsold is subject,

without reconveyance to execution on judgments entered against the as-
signor after the date of the assignment.

(Argued May 26, 1887.    Decided October 3, 1887.)

July Term, 1887, No. 75, E. D., before GORDON, TRUNKEY,
STERRETT, GREEN, and CLARK, JJ.    Error to the Common
Pleas of Juniata County to review a judgment setting aside a
sheriff's sale of real estate in execution.    Writ quashed.

On December 1, 1874, Samuel Leonard executed and deliv-
ered a deed of assignment for the benefit of his creditors to Reu-
ben Leonard, who assumed the duties of the trust.    Elizabeth,
wife of Samuel Leonard, did not join in the execution of this
deed.

The property assigned consisted of both personal and real es-
tate and greatly exceeded in value the amount of the debts.    The
debts existing at the time of the assignment were all paid by the
assignee out of the proceeds of the personal property and the in-
come of the land; and he accounted for enough money in his last
account to leave a balance in his hands after payment of all the
indebtedness existing at the date of the assignment, of $365.08.

On August 16, 1877, a divorce *a mensa et thoro* was granted
Elizabeth Leonard, with alimony at the rate of $240 per year,
upon the ground of desertion.    On October 22, 1878, Reuben
Leonard entered a judgment against Samuel Leonard for
$1,065.79, the money represented by this judgment having been
loaned after the deed of assignment was made.

Reuben Leonard, after the payment of all the debts of Samuel
Leonard, contracted before the assignment, issued execution on
his judgment and sold a tract of land included in the assigned
estate, himself becoming the purchaser for $182.

Elizabeth Leonard, the divorced wife of Samuel Leonard, who
was interested only because she was a creditor for alimony, filed
exceptions to the confirmation of the sale, and it was set aside by
the court below, upon the ground that as neither debt was a lien
at the date of the assignment, and the assignee had not recon-
veyed the land to the assignor (which the court held necessary
under the act of May 4, 1864), the lien of neither debt could
attach to the land, and that, therefore, the land could not be taken
and sold in execution of the judgment.

Reuben Leonard, thereupon, took this writ.

The assignment of error specified the action of the court in setting aside the sheriff's sale.

*Atkinson & Jacobs,* for plaintiff in error.—The judgment of Reuben Leonard when entered was a lien on all the interest that Samuel Leonard had in the land sold, and a reversionary interest was secured to him by the deed of assignment itself.

A judgment is a lien on every kind of an equitable interest in land vested in the debtor, at the time of its entry. Clarkhuff v. Anderson, 3 Binn. 4; Pugh v. Good, 3 Watts & S. 56, 37 Am. Dec. 534; Williams v. Downing, 18 Pa. 60; Lynch v. Dearth, 2 Penr. & W. 101.

The estate of a trustee is only commensurate with the purposes of the trust and ceases where there are no further duties to perform. The legal estate vests without conveyance. Westcott v. Edmunds, 68 Pa. 37; Bacon's Appeal, 57 Pa. 504.

Whenever the entire beneficial interest is in the *cestui que trust,* without restriction as to the enjoyment of it, there is no reason why it should not be considered as actually executed. No formal conveyance of the legal estate is necessary, although it will be decreed because the nominal trust beclouds the title and embarrasses the rights of alienation, which belong to the true owner. Rife v. Geyer, 59 Pa. 396, 98 Am. Dec. 351; Kay v. Scates, 37 Pa. 40, 78 Am. Dec. 399; Yarnall's Appeal, 70 Pa. 335, and Ogden's Appeal, 70 Pa. 501; Enderiss v. Harkness, 3 W. N. C. 366, and Harkinson v. Bacon, 3 W. N. C. 403.

A voluntary assignment, by a debtor in failing circumstances, to a trustee for the benefit of creditors, does not depend for its validity upon any statute, and the acts of assembly which have been passed to regulate it are no parts of the insolvent laws. Beck v. Parker, 65 Pa. 262, 3 Am. Rep. 625.

A purchase by a trustee is not absolutely void, but voidable merely at the election of the *cestui que trust,* or those beneficially interested in the estate. Fisk v. Sarber, 6 Watts & S. 21; Musselman v. Eshleman, 10 Pa. 394, 51 Am. Dec. 493, 2 Wms. Exrs. 938, note H, top page 1005.

Golden's Appeal, 110 Pa. 581, 1 Atl. 660, was a case in which creditors were prejudiced by a reconveyance to the assignor; this is a case in which there are no creditors who were interested in the assignment and no reconveyance, the trust having been fully executed by the assignee.

The act of May 4, 1864, provides that the court "may order and direct the assignee to reconvey to the assignor," but it is not compulsory.

An order setting aside an execution is not a matter of discretion with the court below, but a judgment with which persons may find themselves aggrieved within the act of May 22, 1722, relating to writs of error and appeals. Pontius v. Nesbit, 40 Pa. 309.

And a writ of error lies (Jackson v. Morter, 82 Pa. 291); though an appeal does not (Young's Appeal, 2 Penr. & W. 380; Hoffa's Appeal, 82 Pa. 297).

*Robert McMeen*, for defendant in error.—A judicial sale is a contract with the court, made as a part of a remedial process; and the court has power over such contracts in analogy to the control which it has over other parts of its proceedings. Cummings's Appeal, 23 Pa. 511.

The decision of the court of common pleas confirming a sheriff's sale, and ordering the acknowledgment of the deed to the purchaser, cannot be the subject of a writ of error. Rees v. Berryhill, 1 Watts, 263; Sloan's Case, 8 Watts, 194.

It does not appear from Jackson v. Morter, 82 Pa. 291, that error lies from the judgment of the court of common pleas setting aside a sheriff's sale.

The judgment of Reuben Leonard could not become a lien upon the equitable title, until the trusts set out in the deed of assignment were all fully performed.

The execution was not set aside by the court.

An assignee is the debtor's instrument for distribution, and stands in relation to the property as stood the debtor himself, except that it cannot be seized in his hands on a creditor's execution. Vandyke v. Christ, 7 Watts & S. 375; Twelves v. Williams, 3 Whart. 485, 31 Am. Dec. 542; Bullitt v. Chartered Fund of M. E. Church, 26 Pa. 111; Mellon's Appeal, 32 Pa. 129.

Where one enables himself to become a purchaser of lands at a sheriff's sale by the commission of a fraud, no title vests in him by the sheriff's deed; and the former owner of the land may recover the same in ejectment without offering to refund to the purchaser the money which he has paid to the sheriff. Gilbert

v. Hoffman, 2 Watts, 66, 26 Am. Dec. 103; Foulk v. M'Farlane, 1 Watts & S. 297, 37 Am. Dec. 467.

In Golden's Appeal, 110 Pa. 581, 1 Atl. 660, MR. JUSTICE STERRETT says: "Voluntary assignments for the benefit of creditors are so regulated by statute and governed by principles of equity that, when duly executed and delivered, neither the assignor nor his assignee nor both together can defeat the trust thereby created in favor of creditors. . . . Equity will not suffer the trust thus created to fail by reason of the misfeasance or nonfeasance of the trustee named in the deed, because a trust, unlike a naked power, is ever imperative and binding on the conscience of the agent appointed to execute it; and if he refuses or neglects to do his duty, a chancellor will either compel him to perform it, or substitute another hand to uphold the trust and carry it into effect."

PER CURIAM:

While we do not by any means approve the reasons given by the learned judge of the court below for setting aside the sheriff's sale, and think it would have been better to allow the acknowledgment of the sheriff's deed, and thus permit the judgment creditor to have tested his right by an action of ejectment, yet as the court, in setting aside the sale, did but exercise its lawful discretion, we cannot review that discretion on a writ of error.

The writ is quashed.